# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LARRY B. PAINTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 06-5123-CV-W-DW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1). Petitioner argues that the Court erred in ruling that a prior burglary conviction was a violent felony and, in so doing, improperly applied the Federal Sentencing Guidelines.

Claims considered on direct appeal are not cognizable in a section 2255 motion. Thompson v. United States, 7 F.3d 1377, 1379 (8th Cir. 1993). In his appeal to the 8th Circuit, Petitioner unsuccessfully argued that the Court delivered an improper sentence since it found that his prior burglary conviction was a violent felony. The claim cannot again be heard in a section 2255 motion.[1]

Petitioner also seems to argue that the Court did not have "the actual and correct judgment and conviction" before it at the time of judgment. The record, however, shows that the Court and the 8th Circuit relied upon and used the correct documents in their rulings.

Upon review of the § 2255 motion and the supporting record, the Court further concludes that Painter has not made a substantial showing of the denial of a constitutional right such that

---

[1] Petitioner also appears to argue that his previous California burglary conviction was a misdemeanor and not a felony. Even if this issue were not already decided by the 8th Circuit, it is without merit. See United States v. Sumlin, 147 F. 3d 763 (8th Cir. 1998).

the issues presented here are debatable among jurists of reason. See Randolph v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (*citing* 28 U.S.C. § 2253(c)(2)). As such, the Court declines to issue Painter a certificate of appealability on any of the grounds raised in the § 2255 motion.

For the reasons set forth above, it is hereby ORDERED that Petitioner's 28 U.S.C. § 2255 motion (Doc. 1) is DENIED. Furthermore, the Court DECLINES to issue a certificate of appealability on any of the claims raised in the § 2255 motion.


Date:  April 5, 2007                                                      /s/ DEAN WHIPPLE
                                                                              Dean Whipple
                                                        United States District Court

2

Case 3:06-cv-05123-DW   Document 9   Filed 04/05/07   Page 2 of 2